UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRAKE PLUS LLC,<br>KEVIN CANNON,<br>MICHELLE HANBY,<br>JILL CATES,<br>RON CHRISTIAN,<br>IT'S A DATE, LLC,<br>D MAC ENTERPRISES,<br>PAT CROZIER ENTERPRISES, INC.,<br>MAD AFTERMARKET SERVICES, LLC,<br>BRAKE PLUS NWA, INC.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>KINETECH. LLC,<br><br>        Defendant. | No. 1:14-cv-01415-TWP-MJD |

KINETECH. LLC,

        Third Party Plaintiff,

    vs.

RICHARD BATTAGLINI,
JEFF HAIL,
DUSTIN SHEPHERD,
BRAKESAFE REAR END COLLISION
AVOIDANCE SYSTEM, LLC.,

        Third Party Defendants.

BRAKE PLUS LLC,

        Interested Party.

# REPORT AND RECOMMENDATION REGARDING ORDER OF DEFAULT
# HON. MAGISTRATE JUDGE MARK DINSMORE

In its Minute Entry for October 1, 2014, the Court scheduled a settlement conference in this matter to take place on January 5, 2015. [Dkt. 21 at 2.] That order required that "unless excused by written order of the court, every individual party, and an officer (President, Vice President, Treasurer, Secretary, CFO, CEO or COO) of every corporate entity that is a party, shall attend the settlement conference." [*Id.* at 3.]

Richard Battaglini ("Battaglini") and Brakesafe Rear End Collision Avoidance System, LLC ("Brakesafe") are both parties to this action. Neither Battaglini nor an officer of Brakesafe appeared for the settlement conference in this matter. No order was issued by the Court excusing either Battaglini or an officer of Brakesafe from appearing for the settlement conference in this matter.

On January 8, 2015, the Court issued an order to show cause ordering Battaglini and all of the members of Brakesafe Rear End Collision Avoidance System, LLC to appear before the Court at 10:00 a.m. on February 2, 2015, to answer to why they should not be sanctioned for failing to appear as ordered for the settlement conference in this matter. [Dkt. 55 at 2.] Neither Battaglini nor any member of Brakesafe appeared for the hearing on the order to show cause.

## DISCUSSION

A district court is "justified in entering default against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003); *see also C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) (approving default where "it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court"). "Willfulness" in this context is

"shown in a party's continuing disregard for the litigation or for the procedures of the court." *Davis*, 321 F.3d at 646.

The course of this litigation demonstrates that both Battaglini and Brakesafe have exhibited continuing disregard for this matter and for this Court's procedures and orders. The Court's order setting this matter for the January 5, 2015 settlement conference was issued October 1, 2014. [*See* Dkt. 21.] Battaglini and Brakesafe thus had more than three months to prepare to attend the conference or to seek leave of the Court to be excused from attending. That they did not do so indicates that they had no regard for the obligations imposed on them by this Court.

Next, the Court issued an order to show cause requiring Battaglini and Brakesafe to "answer to why they should not be sanctioned for failing to appear as ordered for the settlement conference in this matter." [Dkt. 55 at 2.] The order required Battaglini and Brakesafe to appear in person before the Court, and the order warned its recipients that failure to appear "may result in the issuance of bench warrants, which may result in the arrest and detention of any offending individuals until the same can be brought before the Court." [*Id.*] Despite the threat of sanctions, arrest, and detention, neither Battaglini nor a single member of Brakesafe appeared to show cause why they should not be sanctioned. The parties' failure to heed the Court's order in the face of such severe potential consequences demonstrates a complete lack of concern for this case and implies a willful decision to ignore the demands of this matter and this Court.

If the parties had failed to appear at **either** the settlement conference **or** the show-cause hearing, their conduct, if not acceptable, might at least have avoided entry of default. *See, e.g.*, *Davis*, 321 F.3d at 647 ("[A]ny single one of [defendant's] actions or omissions alone might not have warranted a default (although we do not foreclose that possibility)). Failing to appear on

multiple occasions, however—despite the Court's specific orders to do so—evidences a "continuing and willful disregard for this litigation and for the procedures in federal court." *Id.*; *see also Hal Commodity Cycles Mgmt. Co. v. Kirsh,* 825 F.2d 1136, 1137 (7th Cir. 1987) (citing repeated failure to "attend scheduled conferences" among other reasons for entering default); *Carpenters Fringe Benefits Funds of Illinois v. Royal Builders*, Inc., No. 05 C 1731, 2007 WL 404038, at *6 (N.D. Ill. Feb. 2, 2007) (citing multiple failures to attend hearings as grounds for entry of default). Because of their repeated failures to appear, Battaglini and Brakesafe have not exhibited the "minimum standards of conduct expected of all litigants," and default is therefore proper. *Kirsh*, 825 F.2d 1138.

Finally, the Court finds that lesser sanctions would not be appropriate in this case. "A district court is not required to fire a warning shot" before imposing default, *id.* at 1139, and the court "must have the default judgment readily available within its arsenal of sanctions in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not." *C.K.S. Engineers*, 726 F.2d at 1206. The other parties in this case have been appropriately pursuing this litigation, [*see, e.g.*, Dkt. 56 (noting appearance of other parties at settlement conference)], and the Court will thus not allow Battaglini and Brakesafe to further hinder those parties' efforts to do so. Moreover, the Court specifically threatened Battaglini and Brakesafe with sanctions in its prior order to show case. [*See* Dkt. 55.] Both parties, however, failed to appear at or otherwise respond to the order scheduling the show-cause hearing, let alone tender an appropriate explanation for their lack of compliance with this Court's prior orders. The Court can thus only conclude that lesser sanctions would have little effect on the conduct of Battaglini and Brakesafe. As such, the Court will not recommend sanctions that—like the order to show

4

cause—will merely be ignored. Instead, in light of the parties' continuing disregard for this litigation, the Court will simply end their role in this litigation.

## CONCLUSION

For the reasons stated above, the Magistrate Judge, *sua sponte*, recommends that the Court enter Default against Defendants Richard Battaglini and Brakesafe Rear End Collision Avoidance System, LLC for their failure to comply with the Court's orders. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, and failure to file timely objections within the fourteen days after service of this Report and Recommendation shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 02/03/2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Fred Anthony Paganelli
tony@tonypaganelli.com

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.org

Nicole Keller
COX LAW OFFICE
nkeller@coxlaw.org

Richard Battaglini/BrakeSafe Rear-End Collision Avoidance System, LLC
Autotek Corp.
15589 N. 77th St., Suite B
Scottsdale, AZ 85260