UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRAKE PLUS LLC, ) | |
| KEVIN CANNON, ) | |
| MICHELLE HANBY, ) | |
| JILL CATES, ) | |
| RON CHRISTIAN, ) | No. 1:14-cv-01415-TWP-MJD |
| IT'S A DATE, LLC, ) | |
| D MAC ENTERPRISES, ) | |
| PAT CROZIER ENTERPRISES, INC., ) | |
| MAD AFTERMARKET SERVICES, LLC, ) | |
| BRAKE PLUS NWA, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| KINETECH. LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO QUASH SUBPOENA**

This matter comes before the Court on Non-Party Brake Plus LLC – A Florida Company's ("Brake Plus Florida") Motion to Quash Subpoena. [Dkt. 48.] For the following reasons, the Court **DENIES** Brake Plus Florida's motion.

**I. Background**

On December 18, 2013 Plaintiff Brake Plus LLC filed a complaint in state court for breach of contract and defamation, alleging that Defendants Kinetech LLC and Mark Olson breached a non-disparagement clause of their Mutual Release and Settlement Agreement, which had been executed on August 27, 2013. [Dkt. 1 at 7-10.] In July of 2014, Plaintiff amended its Complaint to include a claim under to the Sherman Act, and the matter was accordingly removed to this Court on August 27, 2014 on the basis of federal question jurisdiction. [*Id.* at 1-3.] On

1

October 17, 2014, Defendants issued a non-party Subpoena on Brake Plus Florida's bank, Wells Fargo Bank, requesting all of Brake Plus Florida's:

> records, statements, ledgers, cancelled checks, deposit slips, or other documents for, or related to, any and all accounts maintained or held by Brake Plus [Florida], LLC, or in which Brake Plus [Florida], LLC has an interest or authorization to access, including but not limited to [its] account [], for the period of time from January 1, 2013, to present.

[Dkt. 48.] Although the Plaintiff and Brake Plus Florida share the same name, "Brake Plus LLC," the two are separate entities, though Brake Plus Florida acts as Plaintiff's distributer within the state of Florida. [Dkts. 48, 53.] On December 10, 2014, Brake Plus Florida entered the matter as an Interested Party, simultaneously moving for the Court to quash the subpoena, which motion is now before the Court.

## II. Discussion

Brake Plus Florida asserts that, pursuant to Federal Rule of Civil Procedure 45, the Court should quash the Subpoena in question for the following reasons: (1) Defendants failed to take reasonable steps to avoid imposing an undue burden, (2) the Subpoena seeks irrelevant information that is not otherwise discoverable in this matter, (3) the Subpoena seeks privileged information, and (4) the Subpoena seeks confidential documents not sufficiently protected by the Protective Order entered in the matter. [Dkts. 48, 57.]

Rule 45 contains two subsections governing potential undue burden created by the issuance of a non-party subpoena. First, the party or attorney issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).[1] However, subsection (d)(1) is not applicable to the

---

[1] In 2013, Rule 45 was amended, and subdivision (d) now contains the provisions formerly found in subdivision (c). Fed. R. Civ. P. 45 (Advisory Committee Notes: 2013 Amendment). Accordingly, though several cases cited in this

2

present motion before the Court, as Brake Plus Florida is not the "person subject to the subpoena," and only Wells Fargo Bank has standing to so move to quash the Subpoena. *See First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) ("if anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena").

Second and more broadly, Rule 45(d)(3) requires a court to quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The question then is whether the burden of compliance with a Rule 45 subpoena would exceed the benefit of the production of the material sought by the subpoena. *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). So long as the district judge weighs the competing hardships, the decision reached is within the discretion of the district court. *Id.* at 928. Here, Brake Plus Florida insists that it would suffer an undue burden due to the fact that a significant amount of discovery materials was requested by a party in an unrelated case pending in a jurisdiction where Brake Plus Florida does not conduct business. [Dkt. 57 at 3.] In response, Defendants claim that the materials requested are relevant to whether the Plaintiff adhered to the provisions of the settlement agreement that forms the basis of this matter as well as other issues pertaining to the matter, such as damages. [Dkt. 53 at 2.] Having weighed these competing hardships, the Court finds that any burden placed on Brake Plus Florida is not one that is undue, given the materials' potential relevance to the contract that serves as the basis of the matter before the Court.

Brake Plus Florida next alleges that the information sought by the Subpoena is irrelevant and therefore not otherwise discoverable as a part of this litigation. [Dkt. 57 at 2.] This argument was newly raised in Brake Plus Florida's reply brief because Defendants, in an

---

order issued prior to 2013 may cite to Rule 45(c), the content of the subsection is the same that is currently found in subdivision (d) and is therefore pertinent to the analysis contained herein.

abundance of caution, noted that Brake Plus Florida did not contest the issue of relevance in its motion to quash but nonetheless emphasized that the information sought is relevant to the core issue of whether the Plaintiff complied with the settlement agreement that is the basis of this law suit and relevant to the issue of damages. [Dkt. 53 at 2.] In reply, Brake Plus Florida writes that "Kinetech acknowledges that it does not know whether this non-party even has documents relevant to the litigation" and concludes that Defendants should not be able to access Brake Plus Florida's bank records "on the off chance they might contain something discoverable." [Dkt. 57 at 2.] In drawing this conclusion, Brake Plus Florida misconstrues what materials are "discoverable." Rule 26 of the Federal Rules of Civil Procedure defines the scope of discovery as including requests that appear "reasonably calculated to lead to the discovery of admissible evidence" and need not be admissible at trial. Fed. R. Civ. P. 26(b)(1). Accordingly, the fact that the Subpoena requests information that "might contain something discoverable" is a strong indication that the materials sought by the Subpoena lie within the scope of discovery as imposed by Rule 26. Thus, the Subpoena does not seek information not otherwise discoverable in this matter, and the Subpoena will not be quashed on the basis of the relevance of the materials sought.

Additionally, Brake Plus Florida asserts that the Subpoena must be quashed because it "requires disclosure of privileged or other protected matter." [Dkt. 48 at 1 (quoting Fed. R. Civ. P. 45(d)(3)(A)).] In response, Defendants review that "commercial" information, such as trade secrets and other confidential information, does not carry the same protection as does privileged information. [Dkt. 53 at 2.] In reply, Brake Plus Florida restates the applicable provision of Rule 45 and reasserts that the requested information is privileged, but Brake Plus Florida fails to assert a specific privilege that might protect the information sought. [*See* Dkt. 57 at 1-3.]

4

Indeed, the party asserting that a privilege exists bears the burden of proving its essential elements. *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). Having failed to even articulate which privilege it intends to invoke, Brake Plus Florida has failed to meet its burden of articulating each element of a privilege with regard to documents that lie in the possession of Wells Fargo Bank, and the Subpoena will not be quashed on the basis of the alleged but wholly unsubstantiated privilege.

Brake Plus Florida's final argument is that the Court should quash the Subpoena because the material requested is commercial and confidential. [Dkts. 48, 57.] In response, Defendants concede that the materials sought may well be commercial and confidential, but assert that the Protective Order, of which Brake Plus Florida was provided a copy when Defendants previously served their non-party request for Production on Brake Plus Florida, addresses Brake Plus Florida's concerns. [Dkt. 53 at 2.] With regard to "trade secret or other confidential research, development, or commercial information," Rule 45 merely states that the district court "may, on motion, quash or modify the subpoena," so the ultimate decision lies within the broad discretion of the Court. Fed. R. Civ. P. 45 (d)(3)(B).

In relevant part, the Protective Order governs the disclosure of "privileged, confidential, private, personal or commercial" information, and either a party "or non-party shall have the right to designate and label any document . . . as 'Confidential' or 'Attorneys' Eyes Only.'" [Dkt. 1-2 at 9.] However, as Wells Fargo Bank is the person subject to the Subpoena pursuant to Rule 45, non-party Brake Plus Florida will not necessarily have the opportunity to review the materials subject to the Subpoena before they are produced in order to so designate the materials. Accordingly, Defendants are ordered to treat all materials disclosed pursuant to the Subpoena in question as "Confidential" and to serve Brake Plus Florida with a copy of the disclosed materials

upon their receipt. Thereafter, Brake Plus Florida may give notice to Defendants, in writing, designating materials as "Confidential" or "Attorneys' Eyes Only" within twenty-one (21) days after receiving such copies, parallel to the procedure for the designation of deposition transcripts as "Confidential" or "Attorneys' Eyes Only" pursuant to the Protective Order. [Dkt. 1-2 at 12.]

### III. Conclusion

For the following reasons, the Court hereby **DENIES** Non-Party Brake Plus LLC – A Florida Company's Motion to Quash Subpoena. [Dkt. 48.] Non-party Wells Fargo Bank is ordered respond to the Subpoena in question, but upon receipt of the requested materials Defendants must serve non-party Brake Plus Florida with a copy of all of the produced materials, and Brake Plus Florida may then, within twenty-one (21) days of its receipt of the materials, give notice to Defendants in writing that certain information is to be designated as "Confidential" or "Attorneys' Eyes Only."

Date: 02/11/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

BRAKESAFE REAR END COLLISION AVOIDANCE SYSTEM, LLC.
15589 N. 77th Street, Suite B
Scottsdale, AZ 85260

Fred Anthony Paganelli
tony@tonypaganelli.com

RICHARD BATTAGLINI
15589 N. 77th Street, Suite B
Scottsdale, AZ 85260

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.org

Nicole Keller
COX LAW OFFICE
nkeller@coxlaw.org