**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| BRAKEPLUS LLC, KEVIN CANNON, MICHELLE HANBY, JILL CATES, RON CHRISTIAN, IT'S A DATE, LLC, D MAC ENTERPRISES, PAT CROZIER ENTERPRISES, INC., MAD AFTERMARKET SERVICES, LLC, and BRAKEPLUS NWA, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:14-cv-01415-TWP-MJD |
| KINETECH, LLC, | ) | |
| Defendant. | ) | |
| KINETECH, LLC, | ) | |
| Third Party Plaintiff, | ) | |
| v. | ) | |
| JEFF HAIL and DUSTIN SHEPHERD, | ) | |
| Third Party Defendants. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION FOR LEAVE TO FILE ADDITIONAL MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Kinetech, LLC's ("Kinetech") Motion for Partial Summary Judgment (Filing No. 24) and Motion for Leave to File Additional Motion for Summary Judgment (Filing No. 27).[1] The parties in this lawsuit were parties in a separate lawsuit

[1] When these Motions were filed, Mark Olson, president of Kinetech, was a defendant in this case in his personal capacity. However, Mark Olson signed the Settlement Agreement at issue in this case only on behalf of Kinetech in his official capacity as the company's president. The Court questioned Plaintiffs' counsel regarding this fact during the summary judgment hearing and then entered summary judgment in favor of Mark Olson individually. Thus, Mark Olson no longer is a defendant in this action (Filing No. 49).

filed in July 2013. That litigation ended after mediation and the execution of a settlement agreement in August 2013 (the "Settlement Agreement"). About four months later, this action was initiated by BrakePlus LLC ("BrakePlus"). BrakePlus asserted claims for breach of the Settlement Agreement, defamation, and fraud. Kinetech moved for summary judgment on BrakePlus' fraud claim on the bases that no misrepresentation was made and BrakePlus cannot show reliance on Kinetech's alleged misrepresentation. Kinetech also moved for leave to file an additional dispositive motion because the Court's Case Management Order limits the parties to only one dispositive motion. The parties appeared for a hearing on the Motion for Partial Summary Judgment on December 11, 2014, and presented oral argument to the Court. For the following reasons, the Court **DENIES** Kinetech's Motion for Partial Summary Judgment and **GRANTS** its Motion for Leave to File Additional Motion for Summary Judgment.

## I. BACKGROUND

Kinetech develops, manufactures, and distributes automotive safety products. In July 2013, Kinetech filed a lawsuit against BrakePlus, Ron Christian, Richard Battaglini, BrakeSafe Rear-End Collision Avoidance System, LLC, Michelle Hanby, It's a Date, LLC, BrakePlus NWA, Inc., Jill Cates, D Mac Enterprises, MAD Aftermarket Services, LLC, Dustin Shepherd, Kevin Cannon, Jeff Hail, and Pat Crozier Enterprises, Inc. (collectively "BrakePlus Defendants"). In that lawsuit, Kinetech alleged that the BrakePlus Defendants committed various unlawful acts in an effort to steal the business of Kinetech, including acts of conversion, fraud, tortious interference and breach of non-compete and non-solicitation agreements.

Kinetech asserted that Ron Christian, the president of BrakePlus—in concert with two former employees of Kinetech who had been terminated for their involvement in taking and selling Kinetech's product without Kinetech's knowledge and then keeping the proceeds—created

BrakePlus to sell Kinetech's products to Kinetech's customers under a different brand name using Kinetech's ex-employees' knowledge of Kinetech's business model, suppliers, and customer lists.

Kinetech also alleged that BrakePlus approached Kinetech's salespeople in 2013 and convinced them to sell products on behalf of BrakePlus rather than Kinetech and to convert Kinetech customer accounts to BrakePlus accounts. These actions were in violation of non-compete and non-solicitation agreements executed by Kinetech's employees and contractors, of which BrakePlus was aware.

The Kinetech and BrakePlus Defendants participated in a mediation session, which resulted in resolution of the case and execution of the Settlement Agreement on August 27, 2013. As part of the Settlement Agreement, BrakePlus Defendants agreed to not do business with any of the entities on two lists that were attached as exhibits to the Settlement Agreement. Also, the parties agreed that they would not make disparaging or derogatory comments about each other.

About two and a half months after the Settlement Agreement was executed, Ron Christian (BrakePlus' president) informed Mark Olson (Kinetech's president) that one of BrakePlus' key distributors/investors had learned of the terms of the Settlement Agreement and was dissatisfied with the terms. This key distributor/investor directly competed with Kinetech. Mr. Christian informed Mr. Olson that the distributor/investor was threatening to withhold hundreds of thousands of dollars from BrakePlus if Mr. Christian did not renegotiate the terms of the Settlement Agreement with Kinetech. After considering BrakePlus' proposals for renegotiating the Settlement Agreement, Kinetech rejected the proposals and insisted that the parties continue under the terms of the Settlement Agreement that had been agreed upon during mediation and executed by the parties.

On December 18, 2013, BrakePlus filed this lawsuit against Kinetech and Mr. Olson in Marion Superior Court, alleging breach of the Settlement Agreement, defamation based on disparaging and derogatory comments made about BrakePlus, and fraud. For its fraud claim, BrakePlus alleged that Kinetech represented in the Settlement Agreement that the entities listed in the exhibits—with whom BrakePlus could not do business—were Kinetech's customers when in reality the entities were not Kinetech's customers. The state court entered a protective order for confidential documents, and on March 14, 2014, BrakePlus amended its complaint to include the Settlement Agreement as an exhibit to the complaint (Filing No. 1-2 at 42).

On May 12, 2014, Kinetech filed its Motion for Partial Summary Judgment on BrakePlus' fraud claim. Then on July 25, 2014, BrakePlus again amended its complaint to add a claim under the Sherman Antitrust Act, alleging an illegal horizontal market division (Filing No. 1-6 at 36). The following month, BrakePlus responded to Kinetech's Motion for Partial Summary Judgment, and Kinetech removed the case to federal court on August 27, 2014, based on the Sherman Antitrust Act claim. On September 26, 2014, the parties were ordered to file their state court dispositive motions papers in this Court (Filing No. 19), which they did on October 10, 2014. The Court then heard oral argument from the parties on the Motion for Partial Summary Judgment on December 11, 2014.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the

record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (internal citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (internal citations and quotation marks omitted).

## III. DISCUSSION

Kinetech moves for partial summary judgment on BrakePlus' fraud claim, asserting that Kinetech never made a false representation regarding "customers" during the mediation and in the Settlement Agreement and that BrakePlus could not have detrimentally relied on Kinetech's alleged misrepresentation. Additionally, Kinetech moves for leave to file an additional dispositive motion. The Court will address each Motion in turn.

### A. Kinetech's Motion for Partial Summary Judgment on BrakePlus' Fraud Claim

To succeed on its claim for fraud, BrakePlus must show: (1) a material misrepresentation of past or existing facts; (2) made with knowledge or reckless ignorance of falsity; (3) which caused the plaintiff to rely on the misrepresentation to the plaintiff's detriment. *Rice v. Strunk*, 670 N.E.2d 1280, 1289 (Ind. 1996); *Tobin v. Ruman*, 819 N.E.2d 78, 86 (Ind. Ct. App. 2004);

*Jackson v. Blanchard*, 601 N.E.2d 411, 418 (Ind. Ct. App. 1992). In order to prevail at the summary judgment stage, Kinetech need only defeat one element of the claim for fraud. See *In re Inlow Accident Litig.*, 2001 U.S. Dist. LEXIS 2747, at *62 (S.D. Ind. Feb. 7, 2001). Kinetech asserts that summary judgment is appropriate based on the first and third elements of fraud: a material misrepresentation and detrimental reliance.

**1. Material Misrepresentation**

BrakePlus' fraud claim is based on Kinetech's alleged misrepresentation that the entities listed on the Settlement Agreement exhibits were Kinetech's customers. Kinetech had a broad non-compete, non-solicitation agreement that covered all car dealerships in the country. BrakePlus approached some of Kinetech's salespeople in 2013 and convinced them to sell product on behalf of BrakePlus rather than Kinetech and to convert Kinetech customer accounts to BrakePlus accounts. These actions were in violation of the non-compete, non-solicitation agreements executed by Kinetech's employees and contractors, of which BrakePlus was aware. As part of the negotiations during mediation, Kinetech agreed to narrow its non-compete, non-solicitation agreement from a nationwide restriction to specific, identified entities. Kinetech furnished lists of entities to BrakePlus during the mediation session. After additional discussion and negotiation, the lists were narrowed, finalized, and attached as exhibits to the Settlement Agreement. BrakePlus could not do business with these listed entities for a set period of time.

BrakePlus now alleges that the entities on the lists were identified throughout mediation, on the exhibits, and in the Settlement Agreement as Kinetech's "customers," and that it later learned that the entities were not actually Kinetech's customers. BrakePlus asserts that it would not have agreed to the Settlement Agreement if it had known the entities were not actual customers of Kinetech. As part of its designated evidence, BrakePlus designated the Settlement Agreement

and its exhibits, which make reference to "customers." But the use of the term "customers" in the Settlement Agreement and the exhibits is not defined or put in the context of being Kinetech's customers. BrakePlus also designated many affidavits that state Kinetech represented during mediation that the listed entities were "customers."

Conversely, Kinetech asserts that it never referred to the entities as its "customers," but rather as "restricted dealers" or the "protected list." Kinetech's only designated evidence is an affidavit from its president, Mr. Olson. That designated evidence explains that, during the mediation session, Kinetech made no direct representations to BrakePlus because all communication occurred through the mediator. Kinetech's evidence also explains that Kinetech never represented that the entities listed on the exhibits to the Settlement Agreement were Kinetech's customers. Instead, Kinetech created the initial list of entities in an Excel spreadsheet entitled "Restricted Dealers" and emailed the list with the subject line "Protected List" to the mediator. Kinetech explains that BrakePlus' attorney insisted on drafting the Settlement Agreement, and he added the undefined, unspecified term "customer" to the Settlement Agreement and its exhibits. While the "Restricted Dealers" Excel spreadsheet and "Protected List" email to the mediator would have been helpful to the Court in considering this Motion for Partial Summary Judgment, Kinetech did not designate either of those documents as evidence.

Because the Court must view the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in that party's favor, after reviewing the parties' competing affidavits, it appears that summary judgment is inappropriate on this element of BrakePlus' fraud claim. Kinetech claims that it never referred to the entities that ended up on the exhibit lists as its customers. Conversely, BrakePlus asserts that the lists provided by Kinetech during mediation referred to the entities as customers. The parties designated evidence to support

their positions. The affidavits present a factual dispute regarding the representations made by Kinetech, and the Court cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the trier of fact. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). Therefore, the Court cannot enter summary judgment on this element of fraud.

**2. Detrimental Reliance**

Reasonable reliance is a necessary element of any recovery for a claim of fraud, and generally, the reasonableness of the plaintiff's reliance is a question for the trier of fact. *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1164 (Ind. 2002). Further, a party who claims fraud must not only demonstrate that they relied on the alleged misrepresentation but that they had the right to rely upon the misrepresentation. *Pugh's IGA, Inc. v. Super Food Services, Inc.*, 531 N.E.2d 1194, 1198–99 (Ind. Ct. App. 1988). A party does not have the right to rely on an alleged misrepresentation regarding "facts equally open to the observation of both parties, and concerning which the party complaining, had he exercised ordinary prudence, could have attained correct knowledge." *Id.* at 1199 (quoting *Frenzel v. Miller*, 37 Ind. 1, 17 (1871)). "[I]f a party blindly trusts, where he should not, and closes his eyes, where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies *volenti non fit injuria* [He who consents cannot receive an injury]." *Id.*

During mediation, Kinetech agreed to narrow its broad, nationwide non-compete, non-solicitation agreement to a list of identified car dealerships chosen by Kinetech. Kinetech asserts that it created the proposed list in an Excel spreadsheet entitled "Restricted Dealers," and emailed the list in an email entitled "Protected List" to the mediator, who then shared the list with BrakePlus. Kinetech explains that it did not agree or represent that the list represented a list of its

customers. BrakePlus reviewed the list as proposed by Kinetech and then countered Kinetech's proposal by requesting that several of the listed dealerships be removed from the list. After further negotiation, a final list of restricted dealerships was agreed to by the parties. BrakePlus' attorney drafted the Settlement Agreement, and he included the list of restricted dealerships as exhibits to the Settlement Agreement, referring to the restricted dealerships as "customers."

Kinetech asserts that it gave no thought to the use of the term "customers," and that it had no reason to believe that BrakePlus was not aware of who were Kinetech's customers because it had produced in discovery its customer and sales lists to BrakePlus and many of BrakePlus' current employees were former employees, contractors, and a co-owner of Kinetech, so those individuals knew Kinetech's customers and business dealings.

Kinetech explains that because BrakePlus had Kinetech's customer and sales lists, BrakePlus could not have reasonably, detrimentally relied on any alleged misrepresentations during mediation and in the Settlement Agreement and its exhibits. Kinetech further explains that BrakePlus could not have reasonably relied on any alleged misrepresentations because of the knowledge of BrakePlus' current employees who were former employees, contractors, and a co-owner of Kinetech.

BrakePlus responds that it did not have the opportunity to review Kinetech's customer and sales lists during mediation to cross-check the entities listed on the Settlement Agreement exhibits and determine whether they were actual customers of Kinetech. BrakePlus further asserts that some of the signatories to the Settlement Agreement never worked for Kinetech, so those signatories did not have personal knowledge of Kinetech's customers, and the former employees of Kinetech had not worked at Kinetech for a number of months, implying that they would not have remembered who were customers of Kinetech. Because of this lack of opportunity to review

Kinetech's customer and sales lists and because of the lack of knowledge, BrakePlus claims to have relied on Kinetech's representations during the mediation. BrakePlus asserts that it would not have signed the Settlement Agreement if it had known the exhibits listed entities that were not actual customers of Kinetech.

Again, because the Court must view the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in that party's favor, and because the Court cannot weigh evidence or make credibility determinations on summary judgment, after reviewing the parties' competing designated evidence, it appears that there is an issue of fact whether BrakePlus reasonably relied on Kinetech's alleged misrepresentation to its detriment. Therefore, the Court cannot enter summary judgment on this third element of BrakePlus' fraud claim.

**3. Kinetech's Motion for Leave to File Additional Motion for Summary Judgment**

When Kinetech filed its Motion for Partial Summary Judgment, it also filed a Motion for Leave to File Additional Motion for Summary Judgment (Filing No. 27). Kinetech filed this Motion at the recommendation of the Magistrate Judge because the Case Management Order directed that the parties may file only one dispositive motion unless leave of court is granted. Before this case was removed to this Court, Kinetech filed its Motion for Partial Summary Judgment in the state court. BrakePlus filed a response brief, and the state court set a hearing for the Motion. Then BrakePlus amended the complaint, and the case was removed to this Court before the hearing on Kinetech's Motion for Partial Summary Judgment was held.

Kinetech requested a hearing on its pending Motion for Partial Summary Judgment, and the Court ordered the parties to refile their state court summary judgment papers in this Court. Pursuant to the Court's Order, the parties refiled their summary judgment papers, and Kinetech now seeks leave to file an additional dispositive motion because it was not previously limited to

filing only one dispositive motion when it filed its first partial summary judgment motion in state court. Because the parties were not limited to only one dispositive motion at the time Kinetech initially filed its Motion for Partial Summary Judgment, the Court finds that good cause exists to allow the filing of an additional dispositive motion. Therefore, the Court grants Kinetech's Motion for Leave to File Additional Motion for Summary Judgment.

## IV. CONCLUSION

For the foregoing reasons, Kinetech's Motion for Partial Summary Judgment (Filing No. 24) is **DENIED**, and its Motion for Leave to File Additional Motion for Summary Judgment (Filing No. 27) is **GRANTED**. Any additional dispositive motions may be filed no later than **thirty (30) days** from the date of this Order.

**SO ORDERED.**

Date: 6/19/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Fred Anthony Paganelli
tony@tonypaganelli.com

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.org

Nicole Keller
COX LAW OFFICE
nkeller@coxlaw.org

Jeff Hail
7141 North 78th Street
Scottsdale, Arizona 85258